# NO. 12-07-00342-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHANNON WAYNE SMITHERS,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Shannon Wayne Smithers appeals his conviction for burglary of a habitation. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### Background

Appellant pleaded guilty to burglary of a habitation. Appellant also confessed to three additional burglary of a habitation offenses, moving the trial court to consider them as part of his punishment.[1] The trial court found Appellant guilty of the offense and assessed punishment at ten years of imprisonment. This appeal followed.

---

[1] At the time Appellant pleaded guilty, he did so as part of a plea bargain with the State. As part of the plea bargain, the State agreed to recommend that Appellant's punishment be assessed at four years of imprisonment. However, at sentencing, Appellant chose to abandon the plea bargain agreement and seek that the trial court assess punishment without reference to that bargain.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. The brief shows that Appellant's counsel diligently reviewed the appellate record and considered the applicable law and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's counsel's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We have likewise examined the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw in this case. We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby granted and the trial court's judgment is ***affirmed***.

Opinion delivered November 26, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] Counsel for Appellant certified in his brief that he provided Appellant with a copy of the brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.